NOT FOR PUBLICATION (Doc. No. 20)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Julaney SOBOLESKI, | |
| Plaintiff, | Civil No. 14–3156 (RBK) |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of the Commissioner of Social Security ("Defendant") for reconsideration of this Court's May 27, 2015 Order and Opinion. This Court vacated the administrative law judge's ("ALJ") decision, and remanded the matter to the ALJ for further proceedings. For the following reasons, Defendant's Motion for Reconsideration (Doc. No. 20) is **DENIED**.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Defendant's final determination denied Social Security Disability Benefits to Plaintiff, and she appealed to this Court (Doc. No. 1). On May 27, 2015, this Court determined that the ALJ did not properly evaluate how Plaintiff's non-severe impairment affected her Residual Functioning Capacity ("RFC") (Doc. No. 18). The Order vacated the ALJ's determination and remanded the matter back to the ALJ for further proceedings consistent with the accompanying Opinion (Doc. No. 19). On June 5, 2015, Defendant filed this Motion for Reconsideration (Doc. No. 20).

NOT FOR PUBLICATION (Doc. No. 20)

## II.  LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) allows such a review. *See, e.g.*, *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). A party seeking reconsideration should file a brief setting forth the matter or controlling decisions, which the party believes the court overlooked. L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001). A motion for reconsideration under Rule 7.1(i) asks for an "extraordinary remedy," and courts should grant such motions sparingly. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 353 (D.N.J. 2001).

To prevail on a motion for reconsideration, a moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate when the motion only raises a party's disagreement with a court's initial decision. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988). Normally, a party should use the appellate process when it disagrees with a court's decision. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## III.  DISCUSSION

Defendant asks this Court to reconsider its initial determination and to reconsider portions of the ALJ's findings. There are no issues of a change in controlling law or the availability of new evidence. Therefore, "the need to correct a clear error of law or fact or to prevent manifest injustice" is the sole basis for Defendant's Motion. *Max's Seafood Café,* 176

F.3d at 677. Upon reconsideration of the initial decision, this Court determines there were no clear errors of law or fact. Furthermore, this Court's remand to the ALJ for further proceedings will not result in manifest injustice to Defendant.

The ALJ failed to consider how Plaintiff's non-severe impairment impacted her RFC. When making an RFC determination, the ALJ "*must* consider limitations and restrictions imposed by *all* of an individual's impairments, even those that are not 'severe.'" SSR 96–8p (emphasis added). The ALJ must consider all relevant evidence when determining an individual's RFC. *See, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001).

Defendant's Motion points to the ALJ's step-two analysis. Specifically, the analysis noted that Plaintiff's irritable bowel syndrome ("IBS") was not severe and did not cause vocationally relevant limitations. Defendant would have this Court read the ALJ's severity analysis as directly applicable to the RFC analysis. However, a simple phrase in the step-two analysis does not obviate the need for a separate analysis of how Plaintiff's impairment affects her RFC. The initial Opinion specifically mentioned the ALJ's step-two analysis and affirmed the ALJ's decision that Plaintiff's IBS was not a severe impairment. Nevertheless, the ALJ did not adequately address the effect of Plaintiff's IBS on her RFC.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is **DENIED**.


Dated:  10/20/2015                                                      s/ Robert B. Kugler

                                                             ROBERT B KUGLER

                                                             United States District Judge